UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DANIEL G.,

                             Plaintiff,

        v.                                      5:23-CV-1445 (DJS)

COMMISSIONER OF SOCIAL SECURITY,

                             Defendant.
_____

**APPEARANCES:**                                **OF COUNSEL:**

DANIEL G.
Plaintiff, *Pro Se*
Syracuse, New York 13205

U.S. SOCIAL SECURITY ADMIN.               JASON P. PECK, ESQ.
OFFICE OF REG'L GEN. COUNSEL
Attorney for Defendant
6401 Security Boulevard
Baltimore, Maryland 21235

**DANIEL J. STEWART**
**United States Magistrate Judge**

## ORDER

      On March 28, 2024, this Court denied Plaintiff's Motion for the Appointment of Counsel. Dkt. No. 17. Plaintiff now seeks reconsideration of that Order, Dkt. No. 18, and has moved to recuse the undersigned from this matter. Dkt. No. 19. For the reasons set forth below, each Motion is denied.

"A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). "The standard for reconsideration is strict, and a motion for reconsideration will be denied unless the moving party can point to controlling decisions or facts that the court 'overlooked' and that might 'reasonably be expected to alter the conclusion reached by the court.'" *Hum. Elecs., Inc. v. Emerson Radio Corp.*, 375 F. Supp. 2d 102, 114 (N.D.N.Y. 2004) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

Plaintiff's Motion for Reconsideration of the Order denying appointment of counsel does not contend there was an intervening change in the law or contend that the Court's prior ruling was clearly erroneous. *See* Dkt. No. 18. It does cite additional facts regarding why Plaintiff believes appointment of counsel is warranted, namely the alleged refusal of counsel to take his case because Plaintiff has certain outstanding debts. *Id.* Plaintiff's newly stated explanation for his inability to retain counsel does not provide a basis for reconsideration of the Court's prior Order. The availability of pro bono counsel is a limited resource. *Tinaway v. Merrill Lynch & Co.*, 661 F. Supp. 937, 940 (S.D.N.Y. 1987). "Volunteer lawyer time is a precious commodity."

*Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). The financial inability of a party to afford counsel, or counsel's financial disincentives to take certain cases, are not by themselves a basis for appointing counsel. *Id.* at 173. Were this not the case, district courts would be "drowning in requests" for counsel which would overwhelm the available resources. *Id.* at 172. In light of this, Plaintiff has not satisfied the "heavy burden" of establishing a basis for reconsideration of the prior Order. *Burnell v. Butler Moving & Storage*, 826 F. Supp. 65, 68 (N.D.N.Y. 1993).

With respect to recusal, Plaintiff simply asks that the undersigned be recused "as a matter of right." Dkt. No. 19. A party, however, has no right to obtain the recusal of a judicial officer. *See In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988) ("A judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is."). Generally stated, under 28 U.S.C. § 455(a) a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The ultimate question, therefore, is "[w]ould a reasonable person, knowing all the facts, conclude that the trial judge's impartiality could reasonably be questioned? Or phrased differently, would an objective, disinterested observer fully informed of the underlying facts, entertain significant doubt that justice would be done absent recusal?" *United States v. Bayless*, 201 F.3d 116, 126 (2d Cir. 2000) (quoting *Diamondstone v. Macaluso*, 148 F.3d 113, 120-21 (2d Cir. 1998)). "Where an interest is not direct, but is remote, contingent, or speculative, it is not the kind of interest which reasonably brings into question a judge's impartiality." *In re Drexel Burnham Lambert Inc.*, 861 F.2d at

1313. Furthermore, as the Second Circuit has underscored, "where the standards governing disqualification have not been met, disqualification is not optional; rather, it is prohibited." *In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001).

Plaintiff has offered no specific ground as a basis for recusal and having reviewed the nature of this case and the statutory grounds for recusal, the Court finds no basis for recusal. Following the Second Circuit's direction in *Aguinda*, therefore, recusal would be inappropriate on this record and the Motion is denied.

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Reconsideration is **DENIED**; and it is further

**ORDERED**, that Plaintiff's Recusal Motion is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order upon the parties.

**IT IS SO ORDERED.**

Date: April 29, 2024
Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge